UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI-CITY HEALTHCARE DISTRICT dba TRI-CITY MEDICAL CENTER , <br><br> Plaintiff, <br><br> v. <br><br> HUMANA, INC.; and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No.:  22cv877-BTM(BLM) <br><br> **ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER WITH MODIFICATION** <br><br> **[ECF No. 11]** |

On August 5, 2022, the parties filed a joint motion requesting that the Court enter the parties' stipulated Protective Order. ECF No. 11. The Court has considered the stipulated Protective Order and, good cause shown, the joint motion is **GRANTED** with the following modifications:

Paragraph 6.2 should read: "6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis of each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly in

accordance with Civil Local Rule 26.1 (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner."

Paragraph 6.3 should read: "6.3 <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.  In seeking judicial intervention, the Parties must comply with Judge Major's Chambers Rules[1].

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

---

[1] <u>See</u> Honorable Barbara Lynn Major U.S. Magistrate Judge, Chambers Rules-Civil Cases § V(A)-(F).

unnecessary expenses and burden on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge."

Paragraph 12.1 should read: "12.1 Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  The Court may modify the terms and conditions of the Order for good cause, or in the interests of justice, or on its own order at any time during these proceedings."

Paragraph 12.3 should read: "12.3 Filing of Protected Material.  Without permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. Protect Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Protected Material are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.  No document may be filed under seal, i.e., closed to inspection by the public except pursuant to a Court order that authorizes the sealing of the particular document, or portions of it.   A sealing order may issue only upon a showing that the information is privileged or protectable under the law.  The request must be narrowly tailored to seek sealing only of the confidential or privileged material.  To file a document under seal, the Parties must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2.  In addition, in accordance with Judge Major's preferences, a party must file a 'public' version of any document that it seeks to file under seal.  In the public version, the party may redact only that information that is deemed Protected Material.   The party should file the redacted document(s)

simultaneously with a joint motion or an *ex parte* application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request."

**IT IS SO ORDERED**.

Dated: 8/10/2022

Hon. Barbara L. Major
United States Magistrate Judge